UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES COOKSEY,

        Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS INC., EQUIFAX
INFORMATION SERVICES LLC,
TRANS UNION LLC, and
HEALTHCARE REVENUE
RECOVERY GROUP LLC d/b/a
ACCOUNT RESOLUTION SERVICES,

        Defendants.

Case No. 8:23-cv-00046-SCB-MRM

**DEFENDANT TRANS UNION LLC'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND MEMORANDUM IN SUPPORT**

COMES NOW, Trans Union LLC ("Trans Union"), by and through its counsel of record, and hereby files its Motion to Dismiss Plaintiff's Complaint and Memorandum in Support. Trans Union respectfully requests the Court dismiss this matter in its entirety because Plaintiff fails to state a claim upon which relief can be granted. In support thereof, Trans Union would respectfully show the Court as follows:

## I.    INTRODUCTION

James Cooksey ("Plaintiff") brought this action against Trans Union, attempting to assert claims for violations of the Fair Credit Reporting Act ("FCRA"), relating to what he alleges is the inaccurate reporting of his Account Resolution

6078619.2

Services ("ARS") accounts (the "Accounts"). *See generally* ECF No. 1. Plaintiff's Complaint ("Complaint"), however, merely recites the elements of a violation of the FCRA and does not identify any facts supporting the elements of the FCRA. Instead, Plaintiff references an October 2022 dispute correspondence to Tran Union, in which Plaintiff vaguely alleges that the Accounts "were not Plaintiff's financial responsibility and that Plaintiff's employer was responsible for paying the Subject Accounts." *See* ECF No. 1 at ¶ 65. This is not a proper claim against credit reporting agencies ("CRAs"), such as Trans Union, because Plaintiff merely pleads a legal issue, rather than a factual inaccuracy, which CRAs are not required to resolve under the FCRA. In other words, Plaintiff does not dispute that the underlying debt is inaccurate, but rather asserts a legal defense to the Accounts pursuant to FLA. STAT. §440.13, a Florida-based workers' compensation statute. Indeed, multiple courts have clarified that determining a debt's validity and whether a consumer has a valid legal defense to a debt is an issue for a court to resolve, not a job imposed upon CRAs. As such, Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## II. LEGAL STANDARD

### A. 12(b)(6) Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the

complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570). "But where the well-pleaded facts do not merit the court to infer more than the mere possibility of misconduct, the complaint…has not 'show[n]'…'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing FED. R. CIV. P. 8(a)(2)).

In analyzing a Rule 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski*, 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 960 (11th Cir. 2009) (internal quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as

3

facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss." *Iqbal*, 556 U.S. at 678.

### III.   ARGUMENTS AND AUTHORITIES

A. **Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b).**

1. **Plaintiff's Claims Must Fail for Failure to Plead a Factual Inaccuracy.**

A plaintiff fails to state a claim as a matter of law under the FCRA where plaintiff raises a legal issue, rather than alleging a factual inaccuracy. *See Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1160 (11th Cir. 1991); *Pittman v. Experian Info. Sols.,* Case No. 3:21-cv-554-BJD-MCR, 2021 WL 7501143, at *1 (M.D. Fla. Oct. 27, 2021), *report and recommendation adopted sub nom.,* No. 3:21-cv-554-BJD-MCR, 2021 WL 7501141 (M.D. Fla. Nov. 19, 2021); *Prianto v. Experian Info. Sols., Inc.,* Case No. 13-cv-03461-THE, 2014 WL 3381578, at *5-8 (N.D. Cal. Jul. 10, 2014). Examples of a true factual inaccuracy include "inaccuracies in an account balance, tradelines items not immediately removed once a debt is vacated, inaccurately updated loan terms, or when the consumer denies having opened an account." *Baldeosingh v. Trans Union, LLC,* No. 8:20-cv-925-WFJ-JSS, 2021 WL 1215001, at *3 (M.D. Fla. Mar. 31, 2021). CRAs, however, are not able to adjudicate legal disputes between a consumer and a furnisher of

4

information. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 891 (9th Cir. 2010) (stating that "credit reporting agencies are not tribunals" and that "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"). This is so because the furnisher of information "stands in a far better position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* at 892; *see also Humphrey v. Trans Union LLC,* 759 F. App'x 484, 488 (7th Cir. 2019) ("Because Humphrey's complaint did not allege a factual inaccuracy on his credit report, the district court correctly granted the CRAs' joint motion for judgment on the pleadings. Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); *Thomas v. Equifax Info. Servs., LLC,* Civil Action No. 1:18-cv-01438-RM-KLM, 2019 WL 948996, at *2-3 (D. Colo. Feb. 27, 2019) (granting motion to dismiss FCRA claims because CRAs were not required to resolve the underlying dispute concerning whether plaintiff was obligated to pay additional amount to automobile finance company); *Perry v. Toyota Motor Credit Corp.,* Case No. 1:18CV00034, 2019 WL 332813, at *5 (W.D. Va. Jan. 25, 2019) (dismissing FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i for failure to state a claim and stating that "[t]he proper resolution of a legal defense to payment of the debt is not generally the kind of error that a CRA

could discover or resolve through a review of information from consumers, furnishers, or its own files"); *Denan v. Trans Union LLC,* No. 18 C 5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) (granting motion for judgment on the pleadings because plaintiffs' FCRA claims indicated that plaintiffs were trying to hold CRA responsible for resolving legal question of whether their loans were void and uncollectible under state usury law).

As other Florida District courts have held, "[d]etermining a debt's validity and whether a consumer has a valid defense to a debt are 'question[s] for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'" *Baldeosingh,* 2021 WL 1215001, at *3 (citing *Carvalho,* 629 F.3d at 892).

> **a)** **It is well-settled that CRAs, like Trans Union, are neither equipped nor required to adjudicate legal disputes between a consumer and a furnisher of information.**

Plaintiff argues, in a vague and conclusory fashion, that Trans Union's reporting was inaccurate because the Accounts "were not Plaintiff's financial responsibility and that Plaintiff's employer was responsible for paying." ECF No. 1 at ¶ 65.  In other words, Plaintiff essentially argues that Trans Union violated the FCRA by failing to adopt his legal position regarding liability for the underlying debt. Plaintiff's claim, however, is meritless and entirely inconsistent with case law within this circuit and beyond, which states that CRAs are not required to decide legal issues. It is well

settled that only factual inaccuracies, not legal disputes between a consumer and a furnisher of information, can give rise to liability under the FCRA. See *Batterman v. BR Carroll Glenridge, LLC*, No. 20-11717, 2020 WL 5943872 (11th Cir. Oct. 7, 2020); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks' because the creditor is not a party to the suit . . . ."); *Batterman v. BR Carroll Glenridge, LLC*, No. 1:19-cv-1598-CC-RDC, 2020 WL 1821322, at *6 (N.D. Ga. Apr. 10, 2020), aff'd, 829 F. App'x 478 (11th Cir. 2020).

In *Carvalho,* for example, the Ninth Circuit noted that "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." 629 F.3d at 891. In that case, the allegedly inaccurate reporting involved a charge for medical services that the plaintiff claimed should have been paid by her insurance company. *Id.* at 882. After the plaintiff disputed the charge, several CRAs requested and received verification of the debt from the furnisher. *Id.* The CRAs thereafter continued reporting the debt. In rejecting plaintiff's argument that the CRAs were obligated to do more, the Ninth Circuit found that "[t]he fundamental flaw in Carvalho's conception of the reinvestigation duty is that the consumer reporting agencies are not tribunals." *Id.* at 891. The Ninth Circuit reasoned that CRAs "simply collect and report information furnished by others" and thus, are "ill

7

equipped to adjudicate contract disputes." *Id.* For that reason, "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.*

The *Carvalho* analysis has been adopted in the Eleventh Circuit to dismiss FCRA claims premised on a CRA's failure to adopt the consumer's legal position as to the validity of a debt. In *Batterman,* the district court granted the CRAs' motion because the plaintiff's dispute concerning a liquidated damages provision under an apartment lease agreement "center[ed] on the validity of the underlying debt and not a factual inaccuracy included on his credit reports."[1] *Batterman,* 2020 WL 1821322, at *6. The court held:

> Determining whether the consumer has a valid defense, for example, is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA. Nor is a CRA obligated not to report any information about the disputed item simply because the consumer asserts a legal defense. The very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer.

*Id.* at *5 (quoting *Carvalho,* 629 F.3d at 892; *Cahlin,* 936 F.2d at 1158) (internal quotations omitted). The court further held that any reinvestigation to resolve the

---

[1] The Court also rejected the Magistrate's unwillingness to apply the persuasive case law cited by the CRA, specifically *DeAndrade v. Trans Union LLC,* 523 F.3d 61, 66-68 (1st Cir. 2008), simply because the cases disposed of the claims at the summary judgment stage, rather than through motion to dismiss or motion for judgment on the pleadings. *See Batterman,* 2020 WL 1821322. The Court devoted an entire paragraph to listing cases applying the *DeAndrade* rule to dispose of claims before discovery.

8

legal dispute would have forced the CRAs to confront and solve legal questions, including whether plaintiff's home became uninhabitable such that he did not owe liquidated damages. *Id.* at *3.

Relatedly, in *Padgett v. Clarity Services, Inc.,* Case No. 8:18-cv-1918-T-30CPT, 2018 WL 6628274, at *1 (M.D. Fla. Dec. 13, 2018), the plaintiff acquired a loan from an online lender that issued loans to consumers subject only to the lending laws of the tribe. The plaintiff later sued the CRA for reporting the debt, alleging the underlying loan was "void and uncollectible" under state usury laws. *Id.* The Court, however, held plaintiff failed to state a claim, holding that:

> If the Court permitted this lawsuit to continue, the Court would have to first determine the legality of Padgett's loan and then make a determination as to whether [the CRA] should have anticipated – through its own independent research of Florida law – that a court of law would have declared the loan invalid. Placing such a high burden on a CRA is unsupported under the law . . . . [Plaintiff's] FCRA claims fail because she does not adequately allege that the disputed debt was inaccurate. Her 'inaccuracy' allegations are premised on a legal conclusion that her loan is uncollectible. This artful pleading tactic fails because it would place the burden on CRAs . . . to resolve the legal dispute about the underlying debt's validity before reporting the debt. But whether a debt is enforceable is a matter of law that can be resolved only in court.

*Id.* at *4.

Similarly, in *Schuh v. American Express Bank, FSB,* Case No. 17-24345-CIV, 2018 WL 3751467, at *1 (S.D. Fla. May 3, 2018), the plaintiff sued the CRAs for continuing to report a debt after the underlying creditor's state court lawsuit was

9

6078619.2

dismissed for failure to timely submit a mediation form to the court. Analyzing the plaintiff's claims against the CRAs, the court held:

> [W]e find that the factual inaccuracies alleged are 'at best a legal defense to the debt, not a factual inaccuracy in [the CRAs'] reporting,' and therefore cannot form the basis of a Section 1681e(b) or 1681i violation . . . . Even if we accept as true Plaintiff's position that the underlying debt is unenforceable because of the state court Dismissal Order, she has still failed to state a FCRA claim because 'CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA.'

*Id.* at *4 (internal citations omitted).

Plaintiff's claims against Trans union is the type of collateral attack which cases like *Carvalho, Batterman, Baldeosingh, Padgett, Schuh,* and others continue to reject within this Circuit and throughout the country. Plaintiff's FCRA claims are entirely premised on the idea that Trans Union should not have reported the Accounts in light of the possible legal effect of FLA. STAT. §440.13. Indeed, however, Trans Union is not required to, nor could it, (i) research, understand, and interpret Florida state workers' compensation laws, (ii) assess and apply the statute to Plaintiff's circumstance, and (iii) interpret the effect of FLA. STAT. §440.13 as to the legal validity of the underlying debt. These are not factual inaccuracies that CRAs are required or obligated to interpret under the FCRA. The only alleged inaccuracy contained in Plaintiff's Complaint is based on legal contentions that may only be dissected by making legal interpretations and conclusions regarding the Plaintiff's debt and the legal effect of Florida state workers' compensation laws.

10

Accordingly, this Court should grant Trans Union's Motion to Dismiss.

### 2. Plaintiff's Bald and Conclusory Allegations Fail to Comply with Minimum Federal Pleading Requirements

Even if the Court finds that Plaintiff's claims should be allowed to proceed – which Trans Union denies – Plaintiff's Complaint should be dismissed because it fails to adhere to basic pleading standards governed by the Federal Rules of Civil Procedure. *See, e.g., Heard v. Nix,* 170 Fed. Appx. 618, 619-20 (11th Cir. 2006); *see also Baron v. Acasta Capital,* No. CV 16-25118, 2017 WL 3084416, at *3 (S.D. Fla. July 19, 2017) ("A court has the discretion to dismiss a complaint for failure to comply with the pleading rules."). Courts in the Eleventh Circuit (and beyond) have repeatedly dismissed pleadings for failure to comply with minimum pleading standards under the Federal Rules of Civil Procedure. *See, e.g., Carvel v. Godley,* 404 F. App'x 359, 361-62 (11th Cir. 2010) (affirming dismissal because the complaint would "force the district court and the defendant to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations, if any, fit with each claim, if any"); *Ming v. Select Portfolio Servicing, Inc.*, No. 117-CV-03396-TCBRGV, 2018 WL 3702454, at *6 (N.D. Ga. Apr. 23, 2018), report and recommendation adopted, No. 1:17-CV-3396-TCB, 2018 WL 3702427 (N.D. Ga. May 15, 2018) (dismissing FCRA claims because the "allegations amount to nothing more than a recitation of the elements of [her] purported claim[s]"); *Tsavaris v. Pfizer, Inc.,* No. 1:15-CV-21826-KMM, 2016

WL 375008, at *2 (S.D. Fla. Feb. 1, 2016) (dismissing claim because the complaint "force[d] the district court to sift through the facts presented and decide for itself which are material to the particular claims asserted").

Plaintiff's Complaint completely omits all factual detail. Instead, Plaintiff's Complaint is "replete with conclusory [and] vague" allegations which fails to provide Trans Union with adequate notice of "the grounds upon which each claim rests." *Barmapov v. Amuial,* 986 F.3d 1321, 1326 (11th Cir. 2021). Courts have determined that allegations stated in conclusory terms without any effort to tie the allegations together in a specific way to show *how* a CRA violated the law are insufficient to state a claim under the FCRA. *Solis v. Citibank, N.A. et al,* Case No. 19-24042-Civ-Williams/Torres, 2020 WL 9549524, at *4 (S.D. Fla. April 8, 2020). In *Solis,* Plaintiff's conclusory statements were insufficient to state a claim under the FCRA where plaintiff alleged that the defendant failed to assure a proper reinvestigation was conducted because the statements contained no factual detail and did not provide specific facts explaining how the reinvestigation was not proper. *Id.* Here, while the Complaint recites the elements of § 1681e, and § 1681i, Plaintiff does not provide any factual information in support of his contention that the Accounts "were not Plaintiff's financial responsibility." ECF No. 1 at ¶ 65.

Plaintiff similarly omits any facts regarding the sufficiency of Trans Union's reinvestigation. Plaintiff merely states in a conclusory fashion that Trans Union

12

failed to "review and consider all relevant information submitted by Plaintiff," to "conduct an independent investigation" and to "correct the information." *Id.* at ¶¶ 70-72. Neither this Court nor Trans Union should be forced to sift through Plaintiff's barren facts to make independent determinations regarding the basis of his claims. Without information to support his claims, Plaintiff's claims should be dismissed because he has failed to state a claim.

      **a)    Trans Union is Entitled to Dismissal of Plaintiff's Willfulness Claim**

Plaintiff alleges that Trans Union "willfully and recklessly failed to comply with the FCRA." ECF No. 1 at ¶ 121. Plaintiff's willfulness claim fails as a matter of law because Plaintiff has not, and cannot, plead the required elements of a willfulness claim.

A plaintiff must allege specific facts that show that a defendant willfully or negligently failed to comply with the FCRA. *Celestine v. Cap. One*, No. 17-20237-CIV, 2017 WL 2838185, at *2 (S.D. Fla. June 30, 2017); *See also e.g., Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason the plaintiff's claim failed was because he "alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA"). "Willfully" means either knowingly or with reckless disregard. *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 58–59 (2007). To state a willfulness claim, Plaintiff must allege: (1) that the CRA Defendants had a practice or policy that was objectively unreasonable in light

13

of the FCRA's statutory language; and (2) how the CRA Defendants ran a risk of violating the FCRA that was substantially greater than the risk associated with a reading that was merely careless. *Id.; Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009). Here, Plaintiff has unequivocally failed to plead either.

Plaintiff must show that Trans Union acted in a manner that made it highly probable harm would follow. *Safeco Ins. Co.*, 551 U.S. at 69. Where the statutory text and authoritative guidance allow for more than one reasonable interpretation, a defendant merely adopting one such interpretation cannot be found to have willfully violated the FCRA. *Id.* at 70 n.20. A CRA's interpretation of its obligations under the FCRA can be erroneous and still not be considered willful. *Id.* at 69–70. Stated another way, an interpretation that favors the agency must be "objectively unreasonable" under either the text of the Act or guidance from a court of appeals or regulatory authority that might have warned a defendant away from the view it took. *Levine*, 554 F.3d at 1318.

Here, Plaintiff has failed to identify a single practice or policy of Trans Union that is objectively unreasonable. He merely argues, in general vagaries and conclusory statements, that Trans Union "willfully and recklessly" violated the FCRA. ECF No. 1 at ¶ 121. Plaintiff has not alleged how Trans Union's policies are objectively unreasonable or how Trans Union ran a risk of violating the FCRA

14

that was substantially greater than the risk associated with a reading that was merely careless. Accordingly, Plaintiff's conclusory allegations of willfulness are insufficient and should be dismissed.

## IV.   CONCLUSION

WHEREFORE, Defendant Trans Union LLC respectfully requests that this Honorable Court grant the Trans Union's Motion to Dismiss Plaintiff's Complaint with Prejudice. Any attempt at amendment would be futile.

Respectfully submitted,

*/s/ Alexandria Epps*
Alexandria Epps
aepps@qslwm.com
Florida Bar No. 1002739
Quilling, Selander, Lownds,
Winslett & Moser, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, TX 75024
(214) 560-5463
(214) 871-2111 Fax
**Counsel for Trans Union LLC**

6078619.2

## **LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned certifies that Counsel for Trans Union has conferred with counsel for Plaintiff and Plaintiff opposes the relief sought herein.

*/s/ Alexandria Epps*
**ALEXANDRIA EPPS**

6078619.2

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of February 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Patti, III
tom@pzlg.legal
Victor Zabaleta
victor@pzlg.legal
Patti Zabaleta Law Group
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
(561) 542-8550
*Counsel for Plaintiff*

Jason Daniel Joffe
jason.joffe@squirepb.com
Squire Patton Boggs, LLP
200 S. Biscayne Boulevard, Suite 4700
Miami, FL 33131
(305) 577-7000
(305) 577-7001 Fax
*Counsel for Equifax Information Services LLC*

Grant Edward Lavelle Schnell
gschnell@jonesday.com
Jones Day
1221 Peachtree Street N.E., Suite 400
Atlanta, GA 30361
(404) 581-8023
*Counsel for Experian Information Solutions, Inc.*

Ernest H. Kohlmyer, III
skohlmyer@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL 32751
(407) 622-1772
(407) 622-1884 Fax
*Counsel for Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services*

/s/ Alexandria Epps
**ALEXANDRIA EPPS**

6078619.2