UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JAMES COOKSEY,<br><br>Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS INC, EQUIFAX INFORMATION SERVICES LLC, TRANS UNION LLC, AND HEALTHCARE REVENUE RECOVERY GROUP LLC D/B/A ACCOUNT RESOLUTION SERVICES,<br><br>Defendants. | Case No. 8:23-cv-00046-SCB-MRM |

**EXPERIAN INFORMATION SOLUTIONS, INC.'S
MOTION FOR JUDGMENT ON THE PLEADINGS AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Defendant Experian Information Solutions, Inc. ("Experian") files this Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof (the "Motion"), and in support respectfully states as follows:

### I.   INTRODUCTION

Plaintiff James Cooksey's ("Plaintiff") claims against Experian fail as a matter of law because he has not—as he cannot—allege a factual inaccuracy on his credit report as it relates to three collections accounts concerning a purported work-related injury.  Plaintiff does not dispute that the underlying debts themselves are factually inaccurate, that they were not made in connection with services rendered to Plaintiff, or that the amounts actually reported by Experian

were incorrect. Instead, Plaintiff disputes that it is ultimately not <u>*his responsibility*</u> to pay on the accounts through some kind of legal defense Plaintiff claims is found in Florida's workers' compensation laws. That is quite obviously a <u>*legal*</u>—not <u>*factual*</u>—dispute, which consumer reporting agencies ("CRAs"), such as Experian, are not equipped or required to resolve.

Multiple courts have held that determining a debt's validity and whether a consumer has a valid legal defense to a debt is an issue for a court to resolve, not an obligation imposed upon CRAs. Because Plaintiff merely pleads a legal dispute concerning the underlying debt, rather than a factual inaccuracy in the reporting, Plaintiff's claims fail as a matter of law. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted and the Court should enter judgment in favor of Experian and against Plaintiff on the pleadings.

## II.     FACTUAL BACKGROUND

Plaintiff filed this action asserting claims that Experian negligently and/or willfully violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA"). (Doc. No. 1, ¶¶ 77–96). Plaintiff's claims against Experian relate to three purported "Gulf to Bay Anesthesia Associates" accounts created in connection with medical treatment Plaintiff received after an alleged work-related injury. (*Id.*, ¶¶ 9–10). Eventually, these three accounts were transferred to Healthcare Revenue Recovery Group LLC d/b/a Account Resolution Services ("ARS"), which later allegedly attempted to collect on the outstanding debts. (*Id.*, ¶¶ 18–29).

Plaintiff alleges that on October 12, 2022, he sent a written dispute to

Experian concerning the three ARS accounts. (*Id.*, ¶ 35). Plaintiff claims that he "informed Experian" that the three accounts "were <u>*not Plaintiff's financial responsibility*</u> and that <u>*Plaintiff's employer was responsible*</u> for paying" on them. (*Id.*) (emphasis added). Plaintiff's legal theory appears to rely exclusively on a "*see generally*" citation to Florida Statutes Section 440.13, which Plaintiff contends stands for the following legal proposition: "An employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding reimbursement for the employee's authorized medical or psychological treatment." (*Id.*, ¶ 140). Plaintiff alleges that Experian continues to report the accounts inaccurately because they are not his legal responsibility. (*Id.*, ¶¶ 36–46).

## III. LEGAL STANDARDS

A Rule 12(c) motion for judgment on the pleadings is treated the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Strategic Income Fund v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002). Dismissal pursuant to Rule 12(c) is appropriate "when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). When reviewing a Rule 12(c) motion, the court accepts "all facts alleged in the complaint as true and construe[s] the allegations in the light most favorable to the plaintiff." *Hart v. Hodges*, 587 F.3d 1288, 1290 n.1 (11th Cir. 2009). Moreover, motions for judgment on the pleadings are permitted after the pleadings are closed. *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1336 (11th Cir. 2014). The

pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming that no counterclaim or crossclaim is made. *Id.*

In considering a 12(b)(6) or 12(c) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. *Craft v. Olszewski,* 428 F. App'x 919, 921 (11th Cir. 2011). However, the "duty to liberally construe a plaintiff's complaint in the face of a [motion for judgment on the pleadings] is not the equivalent of a duty to re-write it for the plaintiff." *Wilchombe v. TeeVee Toons, Inc.,* 555 F.3d 949, 960 (11th Cir. 2009) (quotations omitted). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002).

### IV. ARGUMENT AND CITATION OF AUTHORITY

**A. Plaintiff's Claims Fail As a Matter of Law Because He Has Not Pled a Factual Inaccuracy.**

A plaintiff fails to state a claim as a matter of law under the FCRA where he or she raises a legal issue, rather than alleging a factual inaccuracy. *See Batterman v. BR Carroll Glenridge, LLC*, No. 829 F. App'x 478, 481 (11th Cir. Oct. 7, 2020); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 891 (9th Cir. 2010); *Saunders v. Branch Banking & Trust Co.of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks' because the creditor is not a party to the suit . . . ."); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1160 (11th Cir. 1991); *Pittman v. Experian Info. Solution*, Case No. 3:21-cv-554-BJD-MCR, 2021 WL 7501143, at *1

(M.D. Fla. Oct. 27, 2021), *report and recommendation adopted*, No. 3:21- cv-554- BJD-MCR, 2021 WL 7501141, at *1 (M.D. Fla. Nov. 19, 2021) ("The Eleventh Circuit and other circuit courts have held that the alleged inaccuracy must be a factual one.") (citations omitted); *Batterman v. BR Carroll Glenridge, LLC*, No. 1:19-cv-1598-CC-RDC, 2020 WL 1821322, at *6 (N.D. Ga. Apr. 10, 2020), *aff'd*, 829 F. App'x 478 (11th Cir. 2020); *Prianto v. Experian Info. Sols., Inc.,* Case No. 13-cv-03461-THE, 2014 WL 3381578, at *5–8 (N.D. Cal. Jul. 10, 2014) (stating "Experian is not 'equipped to adjudicate' the legal dispute between Plaintiff and Heritage, assess whether the Heritage loan is in fact subject to section 580b, and whether Plaintiff may successfully invoke the anti-deficiency defense in the absence of an actual lawsuit by Heritage to collect upon its loan . . . .").

Examples of a true factual inaccuracy include "inaccuracies in an account balance, tradelines items not immediately removed once a debt is vacated, inaccurately updated loan terms, or when the consumer denies having opened an account." *Baldeosingh v. Trans Union, LLC,* No. 8:20-cv-925- WFJ-JSS, 2021 WL 1215001, at *3 (M.D. Fla. Mar. 31, 2021). CRAs, however, are not able to adjudicate legal disputes between a consumer and a furnisher of information as to the validity or responsibility of a debt. *See, e.g.*, *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 891 (9th Cir. 2010) (stating that "credit reporting agencies are not tribunals" and that "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"). This is so because the furnisher of information "stands in a far better

position to make a thorough investigation of a disputed debt than the CRA does on reinvestigation." *Id.* at 892; *see also Humphrey v. Trans Union LLC,* 759 F. App'x 484, 488 (7th Cir. 2019) ("Because Humphrey's complaint did not allege a factual inaccuracy on his credit report, the district court correctly granted the CRAs' joint motion for judgment on the pleadings. Humphrey's allegation that he was not required to make payments on his student loans required a legal determination about whether his disability-discharge applications required Navient to cease collections."); *Perry v. Toyota Motor Credit Corp.,* Case No. 1:18CV00034, 2019 WL 332813, at *5 (W.D. Va. Jan. 25, 2019) (dismissing FCRA claims under 15 U.S.C. §§ 1681e(b) and 1681i for failure to state a claim and stating that "[t]he proper resolution of a legal defense to payment of the debt is not generally the kind of error that a CRA could discover or resolve through a review of information from consumers, furnishers, or its own files . . . ."); *Denan v. Trans Union LLC,* No. 18 C 5027, 2019 WL 911270, at *2 (N.D. Ill. Feb. 22, 2019) (granting motion for judgment on the pleadings because plaintiffs' FCRA claims indicated that plaintiffs were trying to hold CRA responsible for resolving legal question of whether loans were void and uncollectible pursuant to state usury law).

The crux of Plaintiff's theory against Experian is that Experian violated the FCRA because Plaintiff informed Experian that he was not "financially responsible for repayment" on the accounts. (Doc. No. 1, ¶ 30). He alleges that pursuant to Florida Statute Section 440.03, an employee is not responsible for payment on workers' compensation-related injuries and therefore Experian continuing

reporting the three ARS accounts violates the FCRA. (*Id.*, ¶¶ 30, 31, 35, 45). In other words, Plaintiff alleges that Experian violated the FCRA by failing to adopt Plaintiff's *legal positions* regarding his liability for the underlying debt under Florida law.

No matter how many pages in response Plaintiff uses to advance legal arguments on what the Florida Statutes mean, and why Experian is precluded from continuing to report on the underlying debts in light of those state laws, t*hat is exactly the point*: Experian is not responsible for resolving those kinds of disputes in the first instance, and therefore there can be no FCRA liability for Experian in such a scenario. To hold otherwise would be entirely inconsistent with the case law within this Circuit and beyond, which provides that CRAs are not required to decide legal issues. As other judges within this very District have held, "[d]etermining a debt's validity and whether a consumer has a valid defense to a debt are 'question[s] for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA.'" *Baldeosingh,* 2021 WL 1215001, at *3 (citing *Carvalho,* 629 F.3d at 892).

**B.     Plaintiff's Dispute Constitutes an Improper Collateral Attack.**

Since Plaintiff's dispute to Experian was entirely legal in nature, it constitutes an improper collateral attack on the underlying debt, which Experian is neither equipped nor required under the FCRA to resolve. In *Carvalho,* for example, the Ninth Circuit noted that "reinvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." 629 F.3d at

891. In that case, the allegedly inaccurate reporting involved a charge for medical services that the plaintiff claimed should have been paid by her insurance company. *Id.* at 882. After the plaintiff disputed the charge, several CRAs requested and received verification of the debt from the furnisher, and thereafter continued reporting the debt. *Id.* In rejecting the plaintiff's argument that the CRAs were obligated to do more, the Ninth Circuit found that "[t]he fundamental flaw in Carvalho's conception of the reinvestigation duty is that the consumer reporting agencies are not tribunals." *Id.* at 891. The Ninth Circuit reasoned that CRAs "simply collect and report information furnished by others" and thus, are "ill equipped to adjudicate contract disputes." *Id.* For that reason, "courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims." *Id.*

The *Carvalho* analysis has been adopted in the Eleventh Circuit to dismiss FCRA claims premised on a CRA's failure to adopt the consumer's legal position as to the validity of a debt. In *Batterman*, the district court granted the CRAs' motion to dismiss because the plaintiff's dispute concerning a liquidated damages provision under an apartment lease agreement "center[ed] on the validity of the underlying debt and not a factual inaccuracy included on his credit reports."[1]

---

[1] The *Batterman* court also rejected the magistrate judge's unwillingness to apply the persuasive case law cited by the CRAs, specifically *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-68 (1st Cir. 2008), simply because the cases disposed of the claims at the summary judgment stage, rather than through a motion to dismiss or motion for judgment on the pleadings. *See* Batterman, 2020 WL 1821322, at *6 (holding "this Court is of the opinion that FCRA claims alleged in a complaint that are obviously a collateral attack on the validity of a debt are due to be dismissed at the pleadings stage, as those claims necessarily would fail at the summary judgment stage.").

*Batterman,* 2020 WL 1821322, at *6.  The court held:

> Determining whether the consumer has a valid defense, for example, is a question for a court to resolve in a suit against the [creditor,] not a job imposed upon consumer reporting agencies by the FCRA. Nor is a CRA obligated not to report any information about the disputed item simply because the consumer asserts a legal defense. The very economic purpose for credit reporting companies would be significantly vitiated if they shaded every credit history in their files in the best possible light for the consumer.

*Id.* at *5 (quoting *Carvalho,* 629 F.3d at 892; *Cahlin,* 936 F.2d at 1158) (internal quotations omitted).

The *Batterman* court also held that any reinvestigation to resolve the legal dispute would have forced the CRAs to confront and solve legal questions, including whether plaintiff's home became uninhabitable such that he did not owe liquidated damages.  *Id.* at *3.

Similarly, in *Padgett v. Clarity Services, Inc.,* Case No. 8:18-cv-1918-T-30CPT, 2018 WL 6628274 (M.D. Fla. Dec. 13, 2018), the plaintiff acquired a loan from an online lender that issued loans to consumers subject only to the lending laws of the tribe.  *Id.,* at *1.  The plaintiff later sued the CRA for reporting the debt, alleging the underlying loan was "void and uncollectible" under state usury laws.  *Id.*  The Court, however, held the plaintiff failed to state a claim:

> If the Court permitted this lawsuit to continue, the Court would have to first determine the legality of Padgett's loan and then make a determination as to whether [the CRA] should have anticipated – through its own independent research of Florida law – that a court of law would have declared the loan invalid. Placing such a high burden on a CRA is unsupported under the law . . . .

> In sum, Padgett's FCRA claims fail because she does not adequately allege that the disputed debt was inaccurate. Her "inaccuracy" allegations are premised on a legal conclusion that her loan is uncollectible. This artful pleading tactic fails because it would place the burden on CRAs . . . to resolve the legal dispute about the underlying debt's validity before reporting the debt. But whether a debt is enforceable is a matter of law that can be resolved only in court.

*Id.* at *4.

In *Schuh v. American Express Bank, FSB,* Case No. 17-24345-CIV, 2018 WL 3751467 (S.D. Fla. May 3, 2018), the plaintiff sued the CRAs for continuing to report a debt after the underlying creditor's state court lawsuit was dismissed for failure to timely submit a mediation form to the court. *Id.*, at *1. Analyzing the plaintiff's claims against the CRAs, the court held:

> [W]e find that the factual inaccuracies alleged are "at best a legal defense to the debt, not a factual inaccuracy in [the CRAs'] reporting," . . . and therefore cannot form the basis of a Section 1681e(b) or 1681i violation . . . .
>
> Even if we accept as true Plaintiff's position that the underlying debt is unenforceable because of the state court Dismissal Order, she has still failed to state a FCRA claim because "CRAs are not qualified to resolve such legal issues, nor are they required to under the FCRA."

*Id.* at *4 (internal citations omitted).

Plaintiff's claims here against Experian are the precise type of collateral attack, which cases like *Carvalho, Batterman, Baldeosingh, Padgett, Schuh,* and others, continue to reject within this Circuit and throughout the country. Plaintiff's FCRA claims are entirely premised on the idea that Experian should not have

reported the three ARS accounts due to the legal effect of Florida Statute Section 440.13. But, as shown through the foregoing authorities, Experian is not required to (i) research, understand, and interpret Florida state workers' compensation laws, (ii) assess and apply this state law to Plaintiff's dispute letter, and (iii) interpret the effect of Florida Statute Section 440.13 as to the legal validity of Plaintiff's underlying debts. These are not *factual inaccuracies* that CRAs are required or obligated to interpret under the FCRA. The only alleged inaccuracy contained in Plaintiff's Complaint is based on *legal contentions*, which may only be dissected by making legal interpretations and conclusions regarding the reported debts and the legal effect of Florida state workers' compensation laws. Thus, Plaintiff's FCRA claims against Experian constitute an impermissible collateral attack, and Experian is entitled to judgment on the pleadings.

**C.      Plaintiff Will Be Unable to Provide the Court with a Single FCRA Authority Accepting Plaintiff's Legal Theory**

Experian anticipates that in response to this Motion Plaintiff will refer the Court to various case law, which Plaintiff believes support his legal theory that whenever a person notifies a credit reporting agency that he or she is disputing a debt pursuant to Florida state workers' compensation law, a CRA automatically violates the FCRA if it continues to report on those accounts. The problem with Plaintiff's response, however, will be that none of the authorities he provides to the Court will be FCRA cases—they will all be Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") cases.

One reason this will happen is because there is not a single reported case—at least that Experian is aware of—imposing FCRA liability on a CRA under the factual scenario Plaintiff alleges here. A second reason this will happen is because, unlike the FDCPA, the FCRA <u>is not</u> a strict liability statute. *Compare Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1297 (M.D. Fla. 2001) ("The FDCPA is a strict liability statute."), *with Daniels v. Experian Info. Solutions, Inc.*, No. CV 109–017, 2009 WL 1811548, at *1 (S.D. Ga. June 24, 2009) (stating "the FCRA does not impose strict liability . . . ."). The third reason this will happen is because the FDCPA *<u>explicitly requires</u>* entities called "debt collectors," which Experian is not, to actually make legal determinations about the underlying debts those entities are collecting. *See* FDCPA, 15 U.S.C. § 1692e(2)(A) (prohibiting "[t]he false representation of . . . the character, amount, or <u>legal status of any debt</u>.") (emphasis added). As set forth above, the FCRA imposes no such obligations on CRAs. And Plaintiff is not advancing—because he cannot—a FDCPA claim against Experian.

In short, Plaintiff's anticipated reliance on <u>FDCPA</u> cases will only further demonstrate why his <u>FCRA</u> claims here are legally infirm.[2]

---

[2] The same analysis applies to any Florida Consumer Collections Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA), cases Plaintiff refers the Court to in response to this Motion. The FCCPA, described by courts as the "Florida analogue to the FDCPA," concerns debt collection, not credit reporting. *See, e.g., Padilla v. Bus. Law Grp., P.A.*, No. 14-24687-CIV, 2015 WL 11217226, at *2 (S.D. Fla. Apr. 8, 2015) (stating the FCCPA was enacted "to eliminate abusive practices in consumer debt collection.").

## V. CONCLUSION

WHEREFORE, Defendant Experian Information Solutions, Inc. respectfully requests that this Court grant its Motion for Judgment on the Pleadings and Memorandum of Law in Support Thereof, enter judgment in favor of Experian and against Defendant on Plaintiff's Complaint, and for any additional relief the Court deems just and proper.

Respectfully submitted this 3rd day of March, 2023.

                                         */s/ Grant Edward Lavelle Schnell*
                                         Grant Edward Lavelle Schnell
                                         Florida Bar No. 108109
                                         JONES DAY
                                         1221 Peachtree Street N.E., Suite 400
                                         Atlanta, Georgia 30361
                                         Phone: (404) 581-8023
                                         Email: gschnell@jonesday.com

                                         *Attorney for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 3, 2023, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

 */s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Florida Bar No. 108109

*Attorney for Defendant Experian Information Solutions, Inc.*