## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 8:23-cv-00046-SCB-MRM

**JAMES COOKSEY**,

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**,
**TRANS UNION LLC**, and **HEALTHCARE
REVENUE RECOVERY GROUP LLC**
*d/b/a* **ACCOUNT RESOLUTION SERVICES**,

      Defendants.

_____/

### FIRST AMENDED COMPLAINT

Plaintiff James Cooksey ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, Defendant Trans Union LLC, and Defendant Healthcare Revenue Recovery Group LLC *doing business as* Account Resolution Services, (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.      Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## **PARTIES**

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pasco County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian" or "Defendant-EX") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Equifax Information Services LLC ("Equifax" or "Defendant-EQ") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("Trans Union" or "Defendant-TU") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7.      Defendant Healthcare Revenue Recovery Group LLC d/b/a Account Resolution Services ("ARS") is a/an  Florida limited liability company with its principal place of business located in Sunrise, Florida.

## DEMAND FOR JURY TRIAL

8.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.    In Florida, an employe that sustains a workplace injury is legally entitled to medical treatment at the expense of the employer.

10.    In Florida, employers with four or more employees are legally required to carry worker-compensation insurance in Florida.

11.    In Florida, heath care providers are statutorily prohibited from collecting a fee from an injured employee for the treatment of a workplace injury.

12.    In Florida, an employee is shielded from liability in any dispute between the employer or carrier and health care provider regarding payment of the medical services provided to an employee.

13.    In Florida, the workers' compensation law makes the employer and insurance carrier legally responsible for paying medical bills, while the employee is insulated from liability.

14.    On October 17, 2017, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment that required medical treatment and/or services (the "Work-Injury").

15.     On October 17, 2017, Gulf to Bay Anesthesia Associates ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

16.     Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

17.     Plaintiff is not the legal debtor of the Consumer Debt.

18.     Plaintiff is the alleged debtor of the Consumer Debt.

19.     Plaintiff's employer, or the employer's insurance carrier, is the debtor of the Consumer Debt.

20.     Unless and until it is determined by a court that Plaintiff is the debtor of the Consumer Debt, Plaintiff cannot be the debtor of the consumer debt as a matter of Florida law.

21.     Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

22.     Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

23.     Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff.

24.     Despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care Provider contacted ARS to collect, or attempt to collect, the Consumer Debt from Plaintiff.

25.     On a date better known by Defendants, ARS reported the Consumer Debts national credit reporting agencies and, in so doing, inaccurately reported that Plaintiff was the debtor of the Consumer Debt. The specific accounts reported by ARS were Gulf to Bay Anesthesia Associates account 0198643044-52148853, 0198643046-52148853, and 0198715657-52148853   (collectively, the "Subject Accounts").

26.     ARS falsely represented that Plaintiff was indebted to Care Provider, as well as falsely represented that Plaintiff was financially responsible for the repayment of the Consumer Debt.

27.     The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the Subject Accounts are erroneous and inaccurate because the accounts are not Plaintiff's financial responsibility. Plaintiff's employer is the legal debtor of the Subject Accounts as a matter of law. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts with the national credit bureaus.

## EXPERIAN

28.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

29.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

30.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

31.     In simplest terms, the Subject Account is inaccurate because, as a matter of Florida law, Plaintiff's employer is the debtor of the Subject Accounts – not Plaintiff. Although Plaintiff received the benefit of the underlying medical treatment, as a matter of Florida law,  Plaintiff's employer is financially responsible for medical treatment because the treatment was for a workplace injury.

32.     On October 12, 2022, Plaintiff sent Experian a written dispute regarding the Subject Accounts, whereby the dispute informed Experian that the Subject Accounts were not Plaintiff's financial responsibility, that Plaintiff's employer was responsible for paying the Subject Accounts, the Subject Accounts were subject to a worker compensation claim, that the Subject Accounts were the

product of an alleged work place injury sustained by Plaintiff, and that Plaintiff is not be the debtor of the Subject Accounts under Florida law.

33.    Prior to receiving Plaintiff's written dispute, Experian knew or should have known that, if the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff or that the Subject Accounts were subject to a worker compensation claim, that Plaintiff *is not* be the debtor of the Subject Accounts under Florida law.

34.    Upon receipt of Plaintiff's written dispute, Experian knew or should have known that the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff. Had Experian conducted a reasonable investigation, by way of public record, Experian would have discovered that the Subject Accounts were subject to a worker compensation claim.

35.    Despite receiving Plaintiff's dispute, Experian continues to report the Subject Accounts inaccurately.

36.    Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

37.   Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

38.   Experian failed to conduct a reasonable investigation.

39.   Experian failed to review and consider all relevant information submitted by Plaintiff.

40.   Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

41.   Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Experian failed to correct the information.

42.   Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

43.   Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

44.    Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

45.    Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

**EQUIFAX**

46.    Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

47.    Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

48.    Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

49.    In simplest terms, the Subject Account is inaccurate because, as a matter of Florida law, Plaintiff's employer is the debtor of the Subject Accounts – not Plaintiff. Although Plaintiff received the benefit of the underlying medical treatment, as a matter of Florida law,  Plaintiff's employer is financially responsible for medical treatment because the treatment was for a workplace injury.

50.    On October 12, 2022, Plaintiff sent Equifax a written dispute regarding the Subject Accounts, whereby the dispute informed Equifax that the Subject

Accounts were not Plaintiff's financial responsibility, that Plaintiff's employer was responsible for paying the Subject Accounts, the Subject Accounts were subject to a worker compensation claim, that the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff, and that Plaintiff is not be the debtor of the Subject Accounts under Florida law.

51.     Prior to receiving Plaintiff's written dispute, Equifax knew or should have known that, if the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff or that the Subject Accounts were subject to a worker compensation claim, that Plaintiff *is not* be the debtor of the Subject Accounts under Florida law.

52.     Upon receipt of Plaintiff's written dispute, Equifax knew or should have known that the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff. Had Equifax conducted a reasonable investigation, by way of public record, Equifax would have discovered that the Subject Accounts were subject to a worker compensation claim.

53.     Despite receiving Plaintiff's dispute, Equifax continues to report the Subject Accounts inaccurately.

54.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders

believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

55.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

56.    Equifax failed to conduct a reasonable investigation.

57.    Equifax failed to review and consider all relevant information submitted by Plaintiff.

58.    Equifax failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Equifax).

59.    Equifax possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Equifax failed to correct the information.

60.    Equifax's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

61.    Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, choose to parrot the information

it (Equifax) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

62.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

63.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## TRANS UNION

64.     Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

65.     Trans Union regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

66.     Trans Union is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

67.     In simplest terms, the Subject Account is inaccurate because, as a matter of Florida law, Plaintiff's employer is the debtor of the Subject Accounts – not Plaintiff. Although Plaintiff received the benefit of the underlying medical treatment, as a matter of Florida law, Plaintiff's employer is financially responsible for medical treatment because the treatment was for a workplace injury.

68.     On October 12, 2022, Plaintiff sent Trans Union a written dispute regarding the Subject Accounts, whereby the dispute informed Trans Union that the Subject Accounts were not Plaintiff's financial responsibility, that Plaintiff's employer was responsible for paying the Subject Accounts, the Subject Accounts were subject to a worker compensation claim, that the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff, and that Plaintiff is not be the debtor of the Subject Accounts under Florida law.

69.     Prior to receiving Plaintiff's written dispute, Trans Union knew or should have known that, if the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff or that the Subject Accounts were subject to a worker compensation claim, that Plaintiff *is not* be the debtor of the Subject Accounts under Florida law.

70.     Upon receipt of Plaintiff's written dispute, Trans Union knew or should have known that the Subject Accounts were the product of an alleged work place injury sustained by Plaintiff. Had Trans Union conducted a reasonable investigation, by way of public record, Trans Union would have discovered that the Subject Accounts were subject to a worker compensation claim.

71.     Despite receiving Plaintiff's dispute, Trans Union continues to report the Subject Accounts inaccurately.

72.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

73.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

74.     Trans Union failed to conduct a reasonable investigation.

75.     Trans Union failed to review and consider all relevant information submitted by Plaintiff.

76.     Trans Union failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Trans Union).

77.     Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Trans Union failed to correct the information.

78.     Trans Union's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

79.     Trans Union did not conduct any independent investigation after it (Trans Union) received Plaintiff's dispute and, instead, choose to parrot the information it (Trans Union) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

80.     Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

81.     Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

82.     Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

83.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

84.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

85.    Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

86.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

87.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

88.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

89.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

90.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

91.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

COUNT 2
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

92.    Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

93.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

94.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

95.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

96.    Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

97.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

98.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

99.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

100.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

102.   Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

103.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

104.   Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

105.   Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

106.   Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

107.   The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

108.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

109.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

110.   As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

111.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 4
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

112.    Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

113.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

114.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

115.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

116.    Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

117.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure

to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

118.   The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

119.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

120.   As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

121.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Trans Union)

122.   Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

123.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

124.   Trans Union failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Trans Union credit report.

125.   Trans Union's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

126.   Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

127.   The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

128.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

129.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

130.   As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

131.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

COUNT 6

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**

(against Trans Union)

132.   Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

133.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

134.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

135.   On at least one occasion within the past two years, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

136.   Additionally, Trans Union negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

137.   Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum

possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

138.   The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

139.   Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

140.   As a result of the conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit,

emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

141.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

COUNT 7
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against ARS)

142.   Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

143.   On at least one occasion within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

144.   On at least one occasion within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

145.   On at least one occasion within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

146.    Upon information and belief, ARS was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

147.    When ARS received notice of Plaintiff's dispute from Experian, ARS could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

148.    ARS would have discovered that the information it was reporting about Plaintiff was inaccurate if ARS had reviewed its own systems and previous communications with the Plaintiff.

149.    ARS's investigation was per se deficient by reason of these failures on ARS's investigation of Plaintiff's dispute.

150.    As a direct and proximate result of ARS's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

151.    ARS's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the

Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

152.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against ARS, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against ARS)

153.   Plaintiff incorporates by reference ¶¶ 9-81 of this Amended Complaint.

154.   On at least one occasion within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

155.   On one or more occasions within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

156.   On one or more occasions within the past two years, by example only and without limitation, ARS violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

157.   When ARS received notice of Plaintiff's dispute from Experian, ARS could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

158.   ARS would have discovered that the information it was reporting about Plaintiff was inaccurate if ARS had reviewed its own systems and previous communications with the Plaintiff.

159.   ARS's investigation was per se deficient by reason of these failures on ARS's investigation of Plaintiff's dispute.

160.   As a direct and proximate result of ARS's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

161.   ARS's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

162.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against ARS, awarding Plaintiff the following relief: [1] actual damages

pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: March 6, 2023

Respectfully Submitted,

 /s/ Thomas Patti                              .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:   561-542-8550

*COUNSEL FOR PLAINTIFF*