# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

### Case No. 8:23-cv-00046-SCB-MRM

**JAMES COOKSEY**,

> Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**,
**TRANS UNION LLC**, and **HEALTHCARE**
**REVENUE RECOVERY GROUP LLC**
*d/b/a* **ACCOUNT RESOLUTION SERVICES**,

> Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiff James Cooksey ("Plaintiff") sues Defendant Experian Information Solutions Inc and Defendant Trans Union LLC (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Pasco County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian" or "Defendant-EX") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Equifax Information Services LLC ("Equifax" or "Defendant-EQ") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("TransUnion" or "Defendant-TU") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7.      Defendant Healthcare Revenue Recovery Group LLC d/b/a Account Resolution Services ("ARS") is a/an  Florida limited liability company with its principal place of business located in Sunrise, Florida.

## DEMAND FOR JURY TRIAL

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

9.      In Florida, the workers' compensation law makes the employer and insurance carrier legally responsible for paying medical bills, while the employee is insulated from liability. Simply put, when an account is subject to a Workers' compensation claim, an employee is not liable for payment unless and until a determination is made that the employee is liable. To hold otherwise undermines the purpose of the Workers' Compensation Law and would ignore the liability insulating language of Fla. Stat. §§ 440.13(13)(g) and (13)(a).

10.     On September 9, 2014, Plaintiff suffered an accident and related injuries in the course and scope of Plaintiff's employment resulting in partial amputations of Plaintiff's left arm and right foot.  These injuries required medical treatment and/or services (the "Work-Injury").

11.     On January 13, 2016, Plaintiff filed Petition for Workers' Compensation Benefits Case Number 16-000814DBB  with the Office of the Judges of Compensation Claims. Plaintiff's case remains open and ongoing as of this filing.

12.     On October 17, 2017 and October 18, 2027, Gulf to Bay Anesthesia Associates ("Care Provider") provided Plaintiff with a portion of the required medical services needed to treat the Work-Injury, whereby the only medical services provided to Plaintiff by Care Provider were for the treatment of the Work-Injury.

13.    At the time Care Provider provided its respective medical services to Plaintiff, Plaintiff informed Care Provider that the sought treatment was for the Work-Injury.

14.    Care Provider charged a fee for the provision of its (Care Provider's) respective medical services for treatment of the Work-Injury (the "Consumer Debt").

15.    The Consumer Debt arose from Plaintiff's work-related accident and injuries.

16.    Care Provider knew that payment of the Consumer Debt was the responsibility of Plaintiff's employer and/or the insurance carrier of Plaintiff's employer.

17.    Care Provider knew that payment of the Consumer Debt was not Plaintiff's responsibility.

18.    Care Provider knew that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff. Despite knowing this, however, Care Provider began attempting to collect the Consumer Debt from Plaintiff.

19.    Thereafter, and despite knowing that it did not have any statutory or contractual right to attempt to collect the Consumer Debt from Plaintiff, Care

Provider contacted ARS to collect, or attempt to collect, the Consumer Debt from Plaintiff.

## ARS

20.    On a date better known by ARS, ARS began attempting to collect the Consumer Debt from Plaintiff.

21.    ARS is a business entity engaged in the business of soliciting consumer debts for collection.

22.    ARS is a business entity engaged in the business of collecting consumer debts.

23.    ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

24.    ARS is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

25.    ARS's "Consumer Collection Agency" license number is CCA0900844.

26.    ARS maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

27.    The records specified by Rule 69V-180.080, Florida Administrative Code, of which ARS does maintain, are current to within one week of the current date.

28.    For ARS's "Consumer Collection Agency" license to remain valid, ARS is required to maintain, *at minimum*, all records specified in Rule 69V-180.080, Florida Administrative Code, and keep such records current within one week of the current date.

29.    Rule 69V-180.080(3)(e) of the Florida Administrative Code commands that ARS *shall* maintain: "[t]he debtor's account of activity disclosing… a record of payments made by the debtor, including the date received and the amount and balance owing."

30.    Rule 69V-180.080(9)(a)-(b) of the Florida Administrative Code commands that ARS *shall* maintain: "basic information about the debt including, at minimum… [d]ocumentation of the debt provided by the creditor," as well as "[t]he date the debt was incurred and the date of the last payment."

31.    On a date better known by Defendants, ARS reported debts allegedly owed to Gulf to Bay Anesthesia Associates by Plaintiff to the national credit reporting agencies. Among the accounts ARS reported were Gulf to Bay Anesthesia Associates account 0198643044-52148853, 0198643046-52148853, and 0198715657-52148853 (collectively, the "Subject Accounts").

32.    ARS falsely represented that Plaintiff was indebted to Care Provider, as well as falsely represented that Plaintiff was financially responsible for the repayment of the Consumer Debt.

33.     The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the Subject Accounts are erroneous because the accounts are not Plaintiff's financial responsibility. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts with the national credit bureaus.

## **EXPERIAN**

34.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

35.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

36.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

37.     On October 12, 2022, Plaintiff sent Experian a written dispute regarding the Subject Accounts, whereby Plaintiff informed Experian that the Subject Accounts were not Plaintiff's financial responsibility and that Plaintiff's employer was responsible for paying the Subject Accounts.

38.     Plaintiff was injured at work and required medical treatment and, as matter of Florida law, Plaintiff's employer is responsible for paying the medical bills

and Plaintiff is insulated from liability. The Subject Accounts represent medical bills for the treatment of Plaintiff's workplace injury. Plaintiff's credit report inaccurately reflects that Plaintiff is financially responsible for the Subject Accounts.

39.    Plaintiff's dispute to Experian placed Experian on notice that the Subject Accounts arose from medical treatment Plaintiff received to treat a workplace injury.

40.    Despite receiving Plaintiff's dispute, Experian continues to report the Subject Accounts inaccurately.

41.    The Subject Accounts are inaccurate because Plaintiff's report incorrectly represents that Plaintiff is financially responsible for the Subject Accounts. As a matter of Florida law, Plaintiff is insulated from the financial liability associated with the Subject Accounts.

42.    Experian could have conducted one simple electronic search of the Office of Judges of Compensation Complaints[1] and obtained the Petition for Workers' Compensation Benefits filed by Plaintiff for a workplace injury, and affirmed the legitimacy of Plaintiff's dispute. Instead, however, Experian chose to disregard Plaintiff's dispute and continued to report the account without further investigation.

43.    Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders

---

[1] https://www.jcc.state.fl.us/JCC/searchJCC/searchCases.asp

believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

44.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

45.    Experian failed to conduct a reasonable investigation.

46.    Experian failed to review and consider all relevant information submitted by Plaintiff.

47.    Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

48.    Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Experian failed to correct the information.

49.    Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

50.    Experian did not conduct any independent investigation after it (Experian) received Plaintiff's dispute and, instead, choose to parrot the information

it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

51.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

52.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## TRANSUNION

53.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

54.     TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

55.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

56.     On October 12, 2022, Plaintiff sent Trans Union a written dispute regarding the Subject Accounts, whereby Plaintiff informed Experian that the Subject Accounts were not Plaintiff's financial responsibility and that Plaintiff's employer was responsible for paying the Subject Accounts.

57.     Plaintiff was injured at work and required medical treatment and, as matter of Florida law, Plaintiff's employer is responsible for paying the medical bills and Plaintiff is insulated from liability. The Subject Accounts represent medical bills for the treatment of Plaintiff's workplace injury. Plaintiff's credit report inaccurately reflects that Plaintiff is financially responsible for the Subject Accounts.

58.     Plaintiff's dispute to Trans Union placed Trans Union on notice that the Subject Accounts arose from medical treatment Plaintiff received to treat a workplace injury.

59.     Despite receiving Plaintiff's dispute, TransUnion continues to report the Subject Accounts inaccurately.

60.     The Subject Accounts are inaccurate because Plaintiff's report incorrectly represents that Plaintiff is financially responsible for the Subject Accounts. As a matter of Florida law, Plaintiff is insulated from the financial liability associated with the Subject Accounts.

61.     Trans Union could have conducted one simple electronic search of the Office of Judges of Compensation Complaints[2] and obtained the Petition for Workers' Compensation Benefits filed by Plaintiff for a workplace injury, and affirmed the legitimacy of Plaintiff's dispute. Instead, however, Trans Union chose to disregard Plaintiff's dispute and continued to report the account without further investigation.

---

[2] https://www.jcc.state.fl.us/JCC/searchJCC/searchCases.asp

62.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

63.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

64.     TransUnion failed to conduct a reasonable investigation.

65.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

66.     TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

67.     TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, TransUnion failed to correct the information.

68.     TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

69.     TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

70.     Without any explanation or reason, TransUnion continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

71.     Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

COUNT 1
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against Experian)

72.     Plaintiff incorporates by reference ¶¶ 9-71 of this Second Amended Complaint.

73.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

74.     Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when

reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

75.    Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

76.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

77.     The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

78.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

79.     The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

80.     As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

81.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff

which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 2
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Experian)

82.     Plaintiff incorporates by reference ¶¶ 9-71 of this Second Amended Complaint.

83.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

84.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

85.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

86.     Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

87.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

88.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

89.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

90.     As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

91.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

92.     Plaintiff incorporates by reference ¶¶ 9-71 of this Second Amended Complaint.

93.     On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit reports and credit files published and maintained concerning Plaintiff.

94.    TransUnion failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's TransUnion credit report.

95.    TransUnion's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

96.    TransUnion has willfully and recklessly failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the

accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

97.    The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

98.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

99.    The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

100.   As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

101.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against TransUnion)

102.   Plaintiff incorporates by reference ¶¶ 9-71 of this Second Amended Complaint.

103.   On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

104.   On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

105.   On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

106.   Additionally, TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

107.   TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

108. The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

109. Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

110. As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

111. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

DATED: April 20, 2023

Respectfully Submitted,

 /s/ Thomas Patti                              .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:   Victor@pzlg.legal

PATTI ZABALETA LAW GROUP
3323 Northwest 55th Street
Fort Lauderdale, Florida 33309
Phone:    561-542-8550

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 20, 2023, the foregoing was

electronically filed with the Clerk of the Court using the CM/ECF system which will

send a notice of electronic filing to all counsel of record.

  /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377